**MINNESOTA MINING & MANUFACTURING CO.,**
Plaintiff,

v.

**DACAR CHEMICAL PRODUCTS CO., Defendant.**

**Civ. A. No. 88–374.**

United States District Court,
W.D. Pennsylvania.

March 4, 1989.

David Hanson, Pittsburgh, Pa., John D. Gould, Randall A. Hillson, Minneapolis,

Minn., for plaintiff 3M.

Lawrence G. Zurawsky, Pittsburgh, Pa., for defendant Dacar.

Lisa M. Pupo, Pittsburgh, Pa., for defendant Louis S. Miller.

## MEMORANDUM OPINION

SMITH, District Judge.

This is a patent case which presently gives rise to a discovery dispute, not the first such disagreement between counsel to reach us during the course of this complex litigation.[1] The contestants have conferred in an unsuccessful effort to resolve the impasse which arises from defendant Dacar Chemical Products Company's (Dacar) request to depose one of plaintiff Minnesota Mining and Manufacturing Company's (3M) inhouse patent attorneys in Pittsburgh, rather than in Minneapolis. Accordingly, compliance with our Local Rule 4 has been accomplished. Nevertheless, the resulting proliferation of motions, memoranda and responses devoted to this one narrow question reminds us once again that complex litigation, with its attendant "paper battles," may ultimately bring about the deforestation of North America. At the very least, it represents a drain upon scarce judicial resources, while being a boon to photocopier manufacturers and suppliers.

The instant dispute began when Dacar served upon 3M a notice on November 17, 1988, to produce a witness pursuant to Fed.R.Civ.P. 30(b)(6).[2] 3M designated those witnesses who will represent it in the areas of inquiry set forth in the notice, one of whom is Mark A. Litman, a Senior Patent Counsel II who prepared and prosecuted before the United States Patent and Trademark Office one of the three patents involved in this lawsuit. An affidavit of Mr. Litman[3] reveals that he is not an officer, director or managing agent of 3M, but that he is solely responsible for counselling several divisions of that company on "all aspects of intellectual property law...."

Dacar has filed a motion to compel the attendance of Mr. Litman at a deposition to be held in Pittsburgh. Defendant Louis S. Miller has joined in that motion. 3M has filed both a response in opposition to that motion, and a motion for a protective order pursuant to Fed.R.Civ.P. 26(c). We heard brief oral argument on these motions, despite the fact that this minor avalanche referred to above resulted in our receipt of the following: "Memorandum In Support Of Motion By Defendant Dacar To Compel Appearance Of Plaintiff's Rule 30(b)(6) Witness Litman For Deposition In Pittsburgh" (including seven exhibits); "Plaintiff's Memorandum In Support Of Its Motion For A Protective Order Pursuant To Rule 26(c)(2) Fed.R.Civ.P." (including Exhibits A–D); "Memorandum In Support Of Joinder By Miller In Motion Of Defendant Dacar To Compel Appearance Of Plaintiff's Rule 30(b)(6) Witness Litman For Deposition In Pittsburgh" (mercifully appending *no* exhibits); "Plaintiff's Response To Memorandum In Support Of Joinder By Miller In Motion Of Defendant Dacar To Compel Appearance Of Plaintiff's Rule 30(b)(6) Witness Litman For Deposition In Pittsburgh"; and "Defendant Dacar's Memorandum In Opposition To Plaintiff's Motion For A Protective Order Pursuant To Rule 26(c)(2) Fed.R.Civ.P." Suffice it to say that the simple and straightforward issue that is before the Court has been amply briefed.

Plaintiff 3M and defendants Dacar and Miller recognize that determining the place of depositions where the litigation and the residence of a witness are in different districts is a decision committed to the discretion of the Court. The policies which shape our discretion are straightforward and, like the Rules of Civil Procedure, are directed to securing "just, speedy and inexpensive" determinations. First, as a rule depositions should be taken in the district where the

---

**1.** This case was re-assigned to us on November 10, 1988, by Order of the Honorable Gerald J. Weber.

**2.** That notice has subsequently been modified on two occasions, although the form of notice is not at issue in this controversy.

**3.** Curiously, this affidavit, enumerating various professional and personal demands upon Mr. Litman which allegedly would create hardship were he to be compelled to attend a deposition in Pittsburgh, fails to state the location of either his personal residence or professional address.

action is being litigated. This not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of deposition without undue expenditure of time, both the parties' and the court's. It is a secondary policy that depositions should be taken where the deponent works or resides. Third, when these two rules conflict, the court will consider the nature of the testimony and for which party the testimony will be offered. If plaintiff wishes to depose a liability witness, it should bear the expense of going to the witness. If defendant wishes to establish an affirmative defense by deposing a witness, it should bear the inconvenience of going to the witness. Fourth, the court will examine the nature of the witness himself. As a general rule, status of a witness as a party tips the balance in favor of requiring him to come to the forum, while non-party witnesses should be deposed "at home."

In light of these factors, it is preferable to depose a plaintiff's designated representative in the forum that plaintiff has chosen, in this case the Western District of Pennsylvania. 3M suggests that it did not "choose the forum" because it could only bring this action in one venue, the Western District of Pennsylvania, where Dacar does business. It is true that frequently plaintiffs do not choose the forum in the sense of selecting the one most advantageous forum from many available. Nonetheless, it is plaintiffs which make the primary choice to bring suit or not, and thus choose a forum. It is only appropriate that in making that decision plaintiffs must consider the costs of prosecuting that suit, rather than rely on shifting the cost onto defendants before adjudication on the merits.

We also do not give much weight to the distinction which 3M would have us draw between officer, director, or managing agent, and an "ordinary employee." Whether ordinary or not, Mr. Litman here is to be deposed as 3M's designated representative on a variety of subjects relevant

to 3M's complaint and Dacar's defenses, and stands on the same footing as an officer, director, or managing agent.[4]

This decision does not, as 3M suggests, open a wedge for defendant Dacar to harass and impede 3M's business operations by requiring indispensable 3M scientific and management employees to travel to Pittsburgh for days on end. First of all, counsel for both 3M and Dacar are proficient and experienced and can be trusted to resolve the vast majority of disputes amicably. Secondly, our decision here that a senior patent counsel for 3M who is a designated representative must travel to Pittsburgh does not give Dacar *carte blanche* to notice depositions of all 3M witnesses in Pittsburgh. In fact, it is clear that with the exception of the very few witnesses in Mr. Litman's class, depositions shall be taken at a witness' residence or place of business.

For the foregoing reasons, it is therefore

ORDERED, that defendant Dacar Chemical Company's Motion to Compel the attendance of Mark A. Litman, Esquire, at a deposition to be taken in Pittsburgh, Pennsylvania, is granted.

---

4. As such, he is not subject to the 100–mile limitation of Fed.R.Civ.P. 45(d)(2) suggested by 3M.